[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff-applicant filed an application for waiver of CT Page 13579 entry fee ($185.00) and sheriff's fee together with her writ of summons and complaint seeking a dissolution of marriage. The sheriff's fees are usually an amount between $40.00 and $50.00 for ordinary service within this judicial district.
In support of her application, the applicant also filed with the court a financial affidavit on form JD-FM-75 dated April 27, 1998, in which she swore that her total net monthly income was $1,272.00 or approximately $318.00 per week. She stated that she had five dependents.
She listed as one her liabilities an outstanding bill for cable TV in the amount of $149.00.
Based on that affidavit the court denied her application for the waiver of the court entry fee and sheriff fees.
The applicant has elected to appeal from the denial of her fee waiver and, additionally, has moved the court to now waive the entry fee to the appellate court. She has used the identical financial affidavit in support of her application to waive the appellate fee.
"Indigency" is not an absolute, but is determined in terms of the costs or expenses involved. [O]ne need not be destitute or totally devoid of means, but merely to poor to hire a lawyer."Gideon vs. Wainwright, 372 U.S. 335, 344 (1963). There is no provision in Connecticut for the appointment of counsel in family matters. The costs and fees are all the litigant can seek to have waived.
There is no exact standard in this state concerning indigency. It varies from case to case. In the instant case the fact that the applicant could and would elect to pay for cable television indicates to the court that despite the low income applicant still has disposable income which removes her from the classification of truly indigent.
Logic would dictate that if the court found that the application to waive trial court fees should be denied based on the applicant's financial affidavit, it is not to be expected that the court would accept that affidavit as appropriate for the waiver of an appellate fee.
For the foregoing reasons the plaintiff's application for waiver CT Page 13580 of fees is hereby denied.
By the Court,
Joseph W. Doherty, Judge